THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ROQUE ECHEVARRÍA, Defendant and Appellant. THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PASTOR AYÉNDEZ, Defendant and Appellant.

Nos. 7257 and 7258. Argued November 23, 1938.—Decided December 8, 1938.

*Luis Mercader* for appellants. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Complaint was filed in the Municipal Court of Arecibo against José Roque Echevarría for aggravated assault in that on or about January 13, 1937, and in the city of Arecibo, he did unlawfully, wilfully, and with malice aforethought, and with intent to cause serious bodily harm, fire a revolver at Pastor Ayéndez, but without succeeding in wounding him.

Pastor Ayéndez testified at the trial in the municipal court and in his testimony made statements contrary to those which he had theretofore made in the police headquarters in the presence of other witnesses. The municipal judge, believing that the testimony being given before him by Ayéndez was false and was material to the cause being tried, prosecuted him for contempt of court for perjury, and, after following the statutory procedure, found him guilty and sentenced him to three months in jail.

After evidence had been taken in the case of aggravated assault, the defendant, José Roque Echevarría, was sentenced to pay a fine of $75.

Both defendants appealed from their respective judgments to the District Court of Arecibo, where after a trial *de novo,* they were both found guilty. Echevarría was fined $50, and Ayéndez sentenced to three months in jail for contempt for perjury.

Both of the defendants appealed to this court, and, both causes having been found to be closely related, they were consolidated and one hearing was held as though only a single appeal were involved.

Appellants base their appeals upon the assignment that the trial court committed manifest error in weighing the evidence.

From the evidence it appears that at the trial held in the Municipal Court of Arecibo, Carmelo González, an insular policeman, testified that by reason of the events leading up

to the complaint, Echevarría and Ayéndez were taken to the police headquarters and that there, in the presence of Ramona Tull and others, Ayéndez stated that Echevarría had fired·a revolver at him and showed the trousers which he was wearing, burned by the shot. Ramona Tull testified that she was living very close to the scene of events and that from the balcony of her house she saw Echevarría when he fired the shot. Later, during the trial, she again testified, stating that when she was in the police headquarters she heard Ayéndez say that Echevarría had fired a revolver at him and at the same time exhibit the trousers which he was wearing, burned by the shot.

It further appears from the evidence that Ayéndez, when called to testify for the defendant, stated that Echevarría had not fired any shot and that he had not heard the sound of any shot, that after the quarrel his trousers had no holes in them, and that he did not recall having shown them to Ramona Tull.

Other witnesses for the prosecution and for the defendant Echevarría denied that there was a shot.

Upon this evidence the municipal judge entered the judgments above mentioned, and, the same evidence having been introduced before the District Court of Arecibo, that court resolved the conflict against the defendants and entered the judgments giving rise to these appeals.

■ Defendant contends that the statement in the police headquarters was not admissible in evidence because it was a confession and because it had not been previously shown that the same had been made voluntarily after the defendant had been advised of his constitutional rights.

In order for an assault in any degree to exist, two persons at least are needed: the actor, who seeks to commit the assault, and the victim, against whom it is directed. In this case Ayéndez was the supposed victim, and he could not therefore be the defendant. This being true, the statements

which he made in the police headquarters could not have been a confession, since they neither tended to show that the speaker had committed any crime nor were made by a person accused of a crime. They were used at the trial for aggravated assault, not for the purpose of incriminating Echevarría, as to whom the evidence would have been hearsay, but solely to impeach the testimony of Ayéndez, by showing that on a prior occasion, in the police headquarters, he had made statements inconsistent with those which he was then making under oath. Code of Civil Procedure, section 521.

 The testimony of the eyewitness, Ramona Tull, was sufficient to support the judgment entered against the appellant José Roque Echevarría. The trial judge, who heard her testify and could weigh her conduct on the witness stand and compare and analyze her testimony with that of the other witnesses, believed her fully, and in so doing, we do not find that he acted with passion, prejudice, or partiality, or committed manifest error. Section 380, Code of Civil Procedure.

The same testimony of Ramona Tull, as well as that of the policeman Carmelo González, as to the statements which Ayéndez made in the police headquarters, is sufficient to support the conviction of the latter for contempt for perjury.

For the reasons stated both appeals must be dismissed and the judgments appealed from affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.